OPINION
{¶ 1} Appellant George L. Gainer, Jr. appeals the November 5, 2002 Judgment Entry of the Tuscarawas County Common Pleas Court which dismissed his complaints seeking declaratory and injunctive relief against appellees the Ohio Department of Rehabilitation and Correction (DRC), and the Tuscarawas County Prosecutor. Appellant assigns as error:
 {¶ 2} "MY RIGHT TO BE PRESENT AT THE RESENTENCING HEARING ON 3-1-01 WAS VIOLATED DENYING ME THE DUE PROCESS OF LAW, IN VIOLATION OF U.S. CONST. AMEND. V, VI AND XIV AND OHIO CONST. ART. I SECTION 10.
 {¶ 3} "I WAS RESENTENCED ON 3-1-01, TO SERVE A TERM OF LOCAL INCARCERATION AT NORTH COAST (N.C.C.T.F. IS A STATE PRISON — NO PRISON TERM ALLOWED), BUT INSTEAD C.R.C. OR THE CLASSIFICATION DIVISION OF THE D.R.C., SENT ME TO NOBLE CORRECTIONS. THIS WAS THE WRONG PRISON, THUS THEY BREACHED THE CONTRACT OF 3-1-01, BY DISOBEYING DIRECT COURT ORDERS.
 {¶ 4} "THE RIGHT TO HAVE A FAIR AND IMPARTIAL COURT HEARING ON 10-28-02 WAS VIOLATED WHEN THE JUDGE FAILED TO RECUSE HIMSELF, DENYING ME DUE PROCESS OF LAW, IN VIOLATION OF U.S. CONST. AMEND. V, VI, AND XIV; AND OHIO CONST. ART. I, SECTIONS 5, 10 AND 16."
 {¶ 5} Appellant is currently incarcerated at the Noble Correctional Institution. Appellant filed the instant pro se action on September 16, 2002.
 {¶ 6} In his complaint, appellant alleged, in November of 2001, he entered into a plea agreement in Harrison County, Ohio. He alleged he previously had contracted with the Tuscarawas County Prosecutor's office to receive treatment after he was convicted following a plea agreement in Tuscarawas County for driving under the influence in March of 2001. Appellant alleges appellees breached his plea agreement when his motion for early release was granted, and he was left unsupervised, resulting in his not receiving any form of rehabilitation as agreed. He alleges, as a direct result of appellees' failure to provide him with treatment, he was arrested and convicted for a subsequent DUI in Harrison County on November 5, 2001, and sentenced to a term of imprisonment of two years.
 {¶ 7} In his complaint, appellant seeks to withdraw his plea of guilty, to have any sentence served as part of that agreement vacated or held to have been enforced contrary to law, and to be awarded expenses, costs, and attorney fees.
 {¶ 8} Appellant further alleged in his complaint, on March 8, 2001, he was to serve one year incarceration at the North Coast Correctional Treatment Center, rather than the Tuscarawas County Jail. Appellant was transferred from the jail to the Correction Reception Center for processing and assignment at the North Coast Center. However, at some point, he was transferred from the reception center to the Noble Correctional Institution. The court was notified of appellant's placement by letter from the records supervisor on May 7, 2001. At a hearing held May 29, 2001, the court ordered appellant to serve the balance of his one-year sentence at the Tuscarawas County Jail. In addition, the court ordered the previously imposed five-year period of supervised community control sanction modified to a one-year period of unsupervised community control sanction, to terminate when appellant was released from jail. The court indicated it would consider any requests made on behalf of appellant for a modification of sentence. On May 31, 2001, appellant filed a motion for early release, which was granted on July 10, 2001. In November of 2001, appellant was arrested in Harrison County for DUI. He entered a plea of guilty, and was sentenced to a two-year term of incarceration, and placed on three years post-release control.
 {¶ 9} On November 5, 2002, the court dismissed appellant's complaint for failure to state a claim on which relief could be granted.
 I {¶ 10} In his first assignment of error, appellant argues his absence at a hearing on March 1, 2001, violated his due process rights. The record reflects the March 1, hearing was a non-oral hearing, held solely for the purpose of determining where appellant was to serve his one-year term of incarceration.
 {¶ 11} Appellant failed to raise this issue in his complaint, and cannot now raise it for the first time on appeal. The first assignment of error is overruled.
 II {¶ 12} In his second assignment of error, appellant argues he was re-sentenced to serve a term of local incarceration, and was improperly sent to the Noble Correctional Institution, in breach of his contract with the State. Again, appellant failed to raise this issue in his complaint, and is prohibited from raising it for the first time on appeal. Further, upon being notified appellant was being housed in the wrong prison, the trial court ordered appellant's transfer to the Tuscarawas County Jail to serve the balance of his one-year prison term. The issue is, therefore, moot as appellant was transferred to the Tuscarawas County Jail, where he completed his sentence as of July 10, 2001, by court order.
 {¶ 13} The second assignment of error is overruled.
 III {¶ 14} Appellant argues that the court erred in failing to recuse himself. Pursuant to R.C. 2701.03, if a judge of a court of common pleas allegedly is biased in a proceeding pending before the court, the proper proceeding for a party to follow to raise this issue is by filing an affidavit of disqualification with the Clerk of the Ohio Supreme Court. Appellant failed to follow this procedure in the instant case.
 {¶ 15} The third assignment of error is overruled.
 {¶ 16} The judgment of the Tuscarawas County Common Pleas Court is affirmed.
By Hoffman, J., Gwin, P.J., and Edwards, J., concur.